Slip Op.06-133

UNITED STATES COURT OF INTERNATIONAL TRADE

_____
                                        :
SKF USA INC, SKF FRANCE S.A.,           :
and SARMA,                              :
                                        :
            Plaintiffs,                 :
                                        :
                                            Before:     WALLACH, Judge
       v.                               :
                                            Court No.:  03-00490
                                        :
UNITED STATES,                          :
                                        :
            Defendant,                  :   **PUBLIC VERSION**
                                        :
       and                              :
                                        :
TIMKEN U.S. CORPORATION,                :
                                        :
            Defendant-Intervenor.       :
_____:


[United States Department of Commerce's Final Results of Redetermination is Affirmed in Part and Stricken in Part.]


                                            Dated: September 1, 2006

Steptoe & Johnson, LLP, (Herbert C. Shelley, Alice A. Kipel, and Susan R. Gihring) for Plaintiffs.

Peter D. Keisler, Assistant Attorney General; David M. Cohen, Director; Jeanne E. Davidson, Deputy Director; Stephen C. Tosini, Trial Attorney, U.S. Department of Justice, Civil Division, Commercial Litigation Branch; and Rachael E. Wenthold, Attorney-Advisor, Office of Chief Counsel for Import Administration, U.S. Department of Commerce, of Counsel, for Defendant.

**OPINION**


**Wallach, Judge:**


**I**
**Introduction**

This matter comes before the court following the court's order of August 24, 2005,

remanding this matter to the United States Department of Commerce ("the Department" or "Commerce") to recalculate its antidumping duty margin for SKF USA Inc., SKF France S.A., and Sarma (collectively "SKF") in its administrative determination in Ball Bearings and Parts Thereof from France, Germany, Italy, Japan and Singapore: Final Results of Antidumping Duty Administrative Reviews, Recission of Administrative Review in Part, and Determination Not to Revoke Order in Part, 68 Fed. Reg. 35,623 (June 16, 2003) ("Final Results"). With regard to its recalculation of SKF's margin, Commerce's Remand Redetermination is found to be supported by substantial evidence and in accordance with law because Commerce properly supported its finding after conducting a re-verification of SKF's facilities in France. As a result, the portion of Commerce's Remand Redetermination recalculating SKF's margin is affirmed. Because the remainder of the Remand Redetermination attempts to improperly reargue issues already decided by this court, misstates the court's prior opinion, misconstrues its holding, and mischaracterizes the evidence before the court, it is hereby stricken. This court has jurisdiction pursuant to 28 U.S.C. § 1581(c) (2003).

## II
## Background

Plaintiffs are producers and exporters of ball bearings subject to the antidumping duty order on ball bearings and parts thereof from France published on May 15, 1989. Antidumping Duty Orders: Ball Bearings, Cylindrical Roller Bearings, Spherical Plain Bearings, and Parts Thereof from France, 54 Fed. Reg. 20,902 (May 15, 1989). On February 7, 2003, Commerce published its preliminary results of administrative review for the May 1, 2001, to April 30, 2002, period of review ("POR"). Ball Bearings and Parts Thereof from France, Germany, Italy, and

Singapore: Preliminary Results of Antidumping Duty Administrative Reviews, Partial Rescission of Administrative Reviews, and Notice of Intent to Revoke Order in Part, 68 Fed. Reg. 6404 (February 7, 2003).

In the Final Results, Commerce held that because SKF and Sarma were unprepared at verification to segregate sales by market or by class or kind of subject merchandise Commerce was therefore unable to verify the accuracy of the reported information. Defendant's Opposition at 6. As a result, Commerce found that SKF did not act to the best of its ability and assigned a margin of 10.08 percent based on partial adverse facts available ("AFA") in the Final Results. Plaintiffs' Motion for Judgment Upon the Agency Record ("Plaintiffs' Motion") at 4.

The parties filed briefs on this matter in which Plaintiffs claimed they had offered to provide all necessary documentation at verification and were fully prepared to do so, and the Defendant directly disputed that allegation saying that at verification Plaintiffs' representatives had said they were unable to obtain or provide the necessary documentation. The parties to this proceeding were notified via an in-court status conference held on September 10, 2004, that the court intended to hold a hearing on this matter. The court held its hearing on November 19, 2004, to determine the accuracy of the directly conflicting factual statements made by the parties in their initial briefs. The court issued its order on August 24, 2005, instructing Commerce to re-evaluate and re-examine its decision by providing evidentiary support for utilizing partial adverse facts available, unrelated to SKF's alleged failure to offer evidence at verification, or in the alternative to re-calculate SKF's margin using SKF's own information. Commerce filed its Final Results of Redetermination on December 20, 2005, and recalculated SKF's margin as 6.19 percent for the period of review of May 1, 2001 to April 30, 2002. U.S. Dep't of Commerce,

3

Final Results of Redetermination at 1 (December 20, 2005) ("Remand Redetermination").

Plaintiffs filed their Response on January 23, 2006, and Defendant filed its Reply on June 12,

2006. Oral argument was held on August 24, 2006.

**III**
**Arguments**

Commerce states that it has reconsidered its partial adverse facts available determination

for SKF by reopening the record and allowing SKF to supply supporting documentation to re-

calculate the antidumping duty margin. Id. Commerce further states that it complied with the

court's order albeit under protest. Id.

Plaintiffs agree that Commerce properly recalculated SKF's margin without the use of

partial adverse facts available and concur with the result of the Remand Redetermination, but not

with much of its content. Plaintiffs' Comments on the Final Results of Redetermination

("Plaintiffs' Comments") at 1.

**IV**
**Applicable Legal Standard**

The Court of International Trade, when reviewing a challenge to the Department's final

results of administrative review, will uphold Commerce's determinations unless it is

"unsupported by substantial evidence on the record, or otherwise not in accordance with

law. . . ." 19 U.S.C. § 1516a(b)(1)(B)(i) (2003). Substantial evidence is "more than a mere

scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to

support a conclusion." Universal Camera Corp. v. NLRB, 340 U.S. 474, 477, 71 S. Ct. 456, 459,

95 L. Ed. 456, 462 (1951) (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229, 59 S. Ct.

206, 217, 83 L.Ed. 126 (1938)). Substantial evidence has been defined by the courts as

4

"something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence." Consolo v. Fed. Mar. Comm'n, 383 U.S. 607, 620, 86 S. Ct. 1018, 1026, 16 L. Ed. 2d 131 (1966).  The court, however, "may not substitute its judgment for that of the [agency] when the choice is 'between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo.'" American Spring Wire Corp. v. United States, 8 CIT 20, 22, 590 F. Supp. 1273, 1276 (1984) (quoting Universal Camera, 340 U.S. at 488).

**V**
**Discussion**

**A**
**Commerce Properly Recalculated SKF's Antidumping Duty Margin in its Remand Redetermination**

Commerce reopened the administrative record and conducted a second verification of SKF and Sarma on September 28-29, 2005. Remand Redetermination at 4.  Upon completion of the verification, Commerce recalculated SKF's margin using the company's own data and without the application of partial facts available. Id.  According to Commerce the verification of Sarma's data required numerous steps and several personnel in order to demonstrate how Plaintiff compiled and reported its sales data. Id. at 11.

Commerce states in its Remand Redetermination that it disagrees with the court's August 24, 2005, Opinion. Id. at 4.  It challenges the court's conclusions regarding Commerce's conduct during its administrative review and objects to the extra-record affidavits submitted by SKF for the court's review. Id. at 5.  Defendant also states in its Remand Redetermination that it disagrees

5

with what it calls "the court's 'verification test'" during the evidentiary hearing held on November 19, 2004. Id. at 12-13.

SKF agrees that Commerce properly verified Sarma's sales and properly recalculated SKF's margin. Plaintiffs' Comments at 2-3. SKF, however, disagrees with the Defendant's characterization of the proceedings before the Court of International Trade. Id. at 5-6.

## B
### Commerce May Not Relitigate This Matter

Defendant believes that it can reargue issues before the Court of International Trade based upon *dicta* in Viraj Group, Ltd., v. United States, 343 F. 3d 1371, 1376 (Fed. Cir. 2003). There, the Federal Circuit, addressed the issue of whether the government was a non-prevailing party and could assert a case or controversy. Id. In doing so, the court noted that "[e]ven though technically the prevailing party . . . the government prevailed only because it acquiesced and abandoned its original position, which it had zealously advocated, and adopted under protest a contrary position forced upon it by the court. Thus, in substance, the government is truly the non-prevailing party in this case." Id.

The government indicated at oral argument that it takes the Federal Circuit's reference to "zealous advocacy" as not only a predicate to preserving its rights of appeal, but as a virtual license to reargue and reject issues already decided by this court. Although the Defendant, like many litigants, may wish to re-argue and re-litigate issues already decided, it may not do so, without the prior permission of the court, at the trial court level.

This court simply does not read Viraj in the fashion asserted by the Government, nor does it understand the law to require reargument for purposes of preserving an appellate right. Rather,

6

a party may preserve an issue by stating an objection or offering a document on the record. <u>See, e.g.</u>, <u>Union Carbide Chem. & Plastics Tech. Corp. v. Shell Oil Co.</u>, 425 F. 3d 1366, 1374 (Fed. Cir. 2005) ("counsel . . . informed the district court that he 'would like to just read these [issues] into the record for purposes of preserving issues for appeal.'  After the district court allowed [counsel] to make his record, he objected to the jury instructions by requesting insertion of [specific] language. . . .  Because [the party] sufficiently raised specific objections before jury deliberations, [it] did not waive its objections to the sufficiency of evidence on appeal.").  Thus, if Defendant wishes to challenge this court's final decisions, the appropriate step is to file an appeal at the Court of Appeals for the Federal Circuit.  It need not demonstrate any particular form of advocacy, it may not reargue its position before this court without first filing an appropriate motion for rehearing pursuant to USCIT R. 59, and it must not, in any case, act in a contumacious fashion.

As stated by the court, in its earlier opinion, the primary issue before it was "whether representatives of SKF did or did not offer to provide supporting documentation to Department officials from which they could verify the accuracy of Sarma's reported sales."[1] <u>SKF USA Inc. et</u>

---

[1] In <u>SKF</u>, 391 F. Supp. 2d at 1329, the court stated:

> The core conflict between the parties is whether representatives of SKF did or did not offer to provide supporting documentation.

In its Remand Redetermination the Department of Commerce repeatedly characterized what the court did at the hearing which produced that opinion as a "verification test" which it argues, produced information which was insufficient for Department verifiers to have conducted a full audit.  Remand Redetermination at 12-13.

In oral argument regarding this Remand Redetermination the court questioned Government counsel how the Department could take that position when at the oral argument, prior to the SKF opinion referenced above, the court stated:

al. v. United States, Slip Op. 05-104 at 6, 391 F. Supp. 2d 1327, 1330 (CIT 2005). Commerce's attempts to characterize the course of events during the court's evidentiary hearing as a mini-verification is factually incorrect. See Remand Redetermination at 12-15. What the court determined at the hearing was that SKF and Sarma were able to provide the information requested by Commerce officials and would have done so at the time of the original verification.

> . . . Mr. Tosini, let me state my concern to you as I did in September and October. My concern is that somebody is lying to me. Not whether the quantity of evidence is sufficient to meet the approval of the Department of Commerce, but rather–because that is discretionary on the part of the Department of Commerce, and I review it as to whether there is law or evidence to support it. I don't reweigh it. That is not what we are doing here.
>
> \*    \*    \*
>
> [I]t is about that specific factual question, did they make the offer to provide the information and was it turned down or not . . . .

Transcript of November 19, 2004, Evidentiary Hearing ("Hr'g Tr.") at 228:5-24 (emphasis added).

Counsel for the United States informed the court that it was the Department's position that it could read the "core conflict" sentence in this court's opinion quoted above as meaning the court believed it was testing the adequacy of records offered at verification as opposed as to whether someone was lying about the offer of any records at all. Counsel also informed the court, that while the above quoted colloquy might make it clear that was not the court's intent, the Department felt it could look only to this court's opinion to determine its meaning, and not the discussion at oral argument or the pleadings or evidence before this court.

The court presumes that a competent and ethical agency official, adequately advised of the record before this court read this court's opinion in full, including its conclusion that ". . . there is well nigh irrefragable evidence that Commerce's representations regarding the events which occurred at verification were . . . not factually accurate . . . ." Nothing in that opinion or the record behind it identified the conflict between the parties as having been which information was offered as opposed to whether information was offered. Id. at 1333 (citing Galen Med. Assocs., Inc. v. United States, 369 F.3d 1324, 1337 (Fed. Cir. 2004)). Accordingly, the Government's counsel having offered no better explanation, and based on the statements made in the Remand Redetermination this court has determined that the Department of Commerce's "interpretation" constitutes a mischaracterization of this court's opinion.

8

SKF, 391 F. Supp. 2d at 1331. That determination remains unchanged. What is particularly relevant to that conclusion is that "offers were made and persons, at Sarma, were able and available to send information to the verification site." Plaintiffs' Comments at 5. The court's Opinion of August 24, 2005, discusses the sequence of events that took place during Commerce's initial verification, the briefings, the evidentiary hearing, as well as the court's conclusion. SKF, 391 F. Supp. 2d at 1330-33. Commerce may not, by inaccurately recharacterizing the inquiry, findings, and holding of this court, be permitted to relitigate prior matters to the detriment of Plaintiffs, or of the judicial process.

The Department also challenges the court's conclusion that it should have "provided SKF with an opportunity to remedy its verification failure," pursuant to Section 782(d) of the Tariff Act of 1930, section 782(i) of the Act, and 19 C.F.R. § 351.307. Remand Redetermination at 16. As stated by the court in SKF, 391 F. Supp. 2d at 1336, Commerce's announcement of its decision to use partial adverse facts available in the Final Results without providing a cooperative respondent such as SKF the opportunity to respond is contrary to 19 U.S.C. § 1677m(d). Pursuant to 28 U.S.C. § 1581(c) and 19 U.S.C. § 1516a(b)(1)(B)(i), this court has the authority to remand matters to Commerce if it is "unsupported by substantial evidence on the record, or otherwise not in accordance with law" and instructed Commerce to re-examine the record of this case accordingly. Id.

**C**

**Even If Commerce Could Reargue the Issues Previously Before This Court, It May Not Do So By Mischaracterizing, Misstating, and Misconstruing the Court's Opinion**

Defendant states in its Remand Redetermination that "[a]t the center of this litigation are the questions of whether SKF/Sarma offered information to the Department's verifiers and, if so,

9

whether the information would have supported Sarma's designation of sales to report and sales it did not report to the Department in its questionnaire response." Remand Redetermination at 6. The Department also claims that "[d]uring her depositions and during the Court hearing, [SKF Employee A] testified that, during the February 2003 verification, she recalled being asked to demonstrate the split between sales" but that the Commerce verifiers did not recall this offer. Remand Redetermination at 6-7. Defendant, however, continues to argue that "neither of the offers which [SKF Employee A] testified she made at verification would have been sufficient to verify the accuracy of the quantity and value figures Sarma submitted to the Department." Id. at 7.

What the court said at the hearing was the following:

Court: [I]f any of those are available and she can get those materials and have them faxed to this Court, then I will accept that if they were capable of doing that, then if they can do it now without notice and without preparation, they certainly could have done it then, and it would weigh heavily in this Court's determination.

Hr'g Tr. at 11:8-14. The court expressly stated during the course of the hearing that:

Court: Taken together, what I have right now is the testimony of [SKF Employee A] that she made the offer and [SKF Employee B] demonstrating that she has the ability to obtain information by calling her office.

Hr'g Tr. at 173:19-23. Thereafter, the court determined based upon the in-court hearing that "the court was able to test the recollections of Commerce officials as well as SKF officials . . . Commerce officials did not clearly recollect whether they had specifically requested source documentation. . . . SKF officials on the other hand testified that they communicated their willingness and ability to provide such source documentation." SKF, 391 F Supp. 2d at 1332. The court did not at any juncture, opine or rule on whether SKF/Sarma's proffered

10

documentation would have supported the information originally reported by SKF; it found that

SKF/Sarma was able to physically provide the supporting documentation for the Department's

review upon request. Id. Once again, the court stated on the record of the hearing that:

> Court: No, no, no. Once again, Mr. Tosini, let me state my concern to you as I did in September and October. My concern is that somebody is lying to me. Not whether the quantity of evidence is sufficient to meet the approval of the Department of Commerce, but rather–because that is discretionary on the part of the Department of Commerce, and I review it as to whether there is law or evidence to support it. I don't reweigh it. That is not what we are doing here.

> \* \* \*

> [I]t is about that specific factual question, did they make the offer to provide the information and was it turned down or not . . . .

Hr'g Tr. at 228:5-24. Finally, the court summarized what transpired at the hearing on the record

and clarified for the parties its basic concern:

> Court: [I]n the morning I asked [SKF Employee B], because my concern, and I don't know if you were told this, but what my concern is is that I have squarely contradictory testimony between the verifiers and the various Sarma representatives, be they outside or inside, as to the ability of Sarma to obtain information and ship it up to SKF so I said to [SKF Employee B]. . . "[i]t was a couple of years ago, but could you call your office right now and have them – talk to somebody and have them fax information to the United States?"

> \* \* \*

> It seems to me if she could do it today, she could have done it a lot easier a couple of years ago, and it bothers me intensely, because what you and your colleague are testifying is "These individuals said we can't do it." Not that "We won't" or not that anything; specifically, "We can't do it," and she is in here and is incapable of doing it, and yet she vigorously in her deposition and in her affidavit statement said, "Oh, I could do it," so I asked her to do it and, by golly, she did it.

Hr'g Tr. at 254:17 - 256:6. Based upon this testimony and the court's observations of the

witnesses' demeanor, it concluded that "SKF's versions of this particular series of events is

11

strongly supported by the ability of SKF officials to provide the information from the subject period of review to the court on the day of the hearing." SKF, 391 F. Supp. 2d at 1332-33. In no instance did the court attempt to reweigh or verify the accuracy of the substantive data included in the provided documents and expressly stated that it "held a hearing on those conflicting presentations, not to reweigh the evidence presented, but to examine the very existence of the facts as stated by the parties." Id. at 1329. Defendant's attempt to mischaracterize, misstate, and misconstrue the court's processes, Opinion, and Order is improper in these, and in the following respects:

(1) The court found in its August 24, 2005, opinion that Commerce's decision was unsupported by substantial evidence. SKF et al. v. United States, Slip Op. 05-104, 391 F. Supp. 2d 1327 (CIT 2005); see 19 U.S.C. §1516a(b)(1)(B)(i); see also Universal Camera Corp., 340 U.S. at 477 (stating that "substantial evidence is more than a "mere scintilla." It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."). Commerce in its Remand Redetermination argues that the issue of whether SKF offered to provide supporting documentation at verification "was addressed fully on the record of the administrative review . . . ." Remand Redetermination at 2. By definition, the court's finding that "Commerce's announcement of its decision to use partial AFA for the first time in the Final Results, and to offer no opportunity for SKF to respond, correct, or clarify while finding SKF had not cooperated to the best of its ability, is unsupported by substantial evidence and not in accordance with law," means that it did not address this issue fully on the record of the administrative review. SKF, 391 F. Supp. 2d at 1336. Accordingly, Defendant is attempting to

12

reargue its prior position rather than to simply preserve the issue for appeal.[2]

(2) Defendant states that it disagrees with the "conclusion that the extra-record affidavits SKF submitted with its brief to the court was the first time SKF had an opportunity to obtain relief concerning its failures at verification." Remand Redetermination at 5. The court, in its opinion, made no determination as to the timeliness of SKF's arguments or the filing of the affidavits in its original Motion for Judgment Upon the Agency Record. See SKF, 391 F. Supp. 2d at 1333-39. The court originally found and continues to find that Commerce did not provide SKF adequate notice of its decision to use partial AFA in calculating SKF's margin. See id.

(3) Commerce argues that in its view, "it had considered the matter fully and addressed it during the normal course of its administrative proceeding." Remand Redetermination at 6. Defendant is re-arguing issues previously reviewed and decided. See Paragraphs 1) and 2) infra.

(4) Defendant's statement that "neither of the offers which [SKF Employee A] testified she made at verification would have been sufficient to verify the accuracy of the quantity and value figures Sarma submitted to the Department" is an attempt to reargue, without permission of the court, issues which were or which should have been briefed previously. Remand

---

[2] Defendant states that it "has not had the opportunity, as an agency, to address the proceedings that have transpired before the Court." Remand Redetermination at 4. Although counsel for the Department of Justice has represented the Defendant, United States, at all stages of this litigation and counsel for the Department of Commerce has appeared before this court at all hearings, Commerce seems to believe that it was not afforded the opportunity to voice its position to the court. At oral argument, the attorney for the U.S. Department of Justice stated that he is counsel for the United States and not counsel for the Department of Commerce. As such, the attorney for the Department of Justice argued that the Department of Commerce had not had the opportunity to present its argument before the court until it filed its Remand Redetermination. Upon further questioning from the court, the attorney for the Department of Justice refused to address any discussions between it and Commerce citing attorney/client privilege. Even though this court disagrees with Commerce's position, this is not the appropriate juncture to address this particular stance of the Department of Commerce.

13

Redetermination at 7.

(5)  Defendant further argues that it is clear to "the Department that, if [SKF Employee A] made these offers, they were not remotely sufficient to support the line items the Department selected in Sarma's verification worksheet. Remand Redetermination at 12.  As noted above, the question before the court was not the sufficiency of the underlying data and whether or not the data provided by SKF could be audited to the satisfaction of Commerce, but rather it was to determine whether or not offers were made to provide documentation to Commerce officials. SKF 391 F. Supp. 2d at 1329.  This court relied on evidence presented to it at or in court during the November 19, 2004, hearing and was satisfied that offers were made by SKF officials to provide any requested documentation to Department officials.  See id.; see also Hr'g Tr. at 61:13-64:16 (Test. of [SKF Employee A]); Hr'g Tr. 92:21-94:5 (Test. of [SKF Employee A]); Hr'g Tr. 156:8-11 (Test. of [SKF Employee B]); Hr'g Tr. 173:19-22 (statement of the court).  Defendant's statement to the contrary directly mischaracterizes the ruling of this court.

(6)  Defendant alleges that what it calls the court's "verification test" was not sufficient to satisfy Commerce's audit procedures.  Remand Redetermination at 15.  Defendant states that it "agrees with Mr. Schauer's testimony that one invoice is not sufficient to demonstrate that the totals presented in each line item were accurate." Remand Redetermination at 13.  Commerce may not in its Remand Redetermination reargue without the court's permission issues previously decided. See Paragraph 5 *infra*.

(7)  Defendant says that it "finds that the fact that both the documentation submitted in Court and [SKF Employee A]'s claimed offers would have been insufficient calls into question Sarma's preparedness, ability, and willingness to provide the requisite documentation during the

14

February 2003 verification." Remand Redetermination at 14. Defendant may appeal this court's rulings, but its position that it may ignore them is directly contrary to the concepts of judicial review articulated in Marbury v. Madison 5 U.S. 137, 175-76, 1 cranch 137, 68-70, 2 L. Ed. 60 (1803). See also United States v. Dalcour, 203 U.S. 408, 420, 27 S. Ct. 58, 59, 51 L. Ed. 248 (1906) (holding that the Circuit Court of Appeals shall exercise appellate jurisdiction to review final decisions in the District Courts, et cetera, in all cases other than those provided for in the preceding section, "unless otherwise provided by law."); Ex parte Watkins, 32 U.S. 568 (1833) ("[t]he jurisdiction of the court can never depend upon its decision upon the merits of a case brought before it; but upon its right to hear and decide it at all . . . it is the essential criterion of appellate jurisdiction that it revises and corrects the proceedings in a cause already instituted, and does not create that cause." (emphasis in original) (citations omitted)). In this instance this court was satisfied and continues to remain satisfied that [SKF Employee A]'s offers were sufficient to substantiate SKF's claim that it had the ability to provide data requested by Commerce. SKF, 391 F. Supp. 2d at 1333. Since the Court of International Trade has original jurisdiction over matters arising out of the administrative decisions of the Department of Commerce, its decision that SKF offered to provide documentation can be challenged via appeal but not via reargument without permission of the court. See 19 U.S.C. § 1516a.

(8) Defendant states that "[n]owhere on the record of the review or in the documentation presented before the Court was there any indication of preparation by SKF or Sarma personnel to provide such information during the February 2003 verification." Remand Redetermination at 15. SKF officials testified in open court on November 19, 2004, that they were prepared for verification as well as able and willing to provide any documentation requested by Commerce

15

officials and the court found that there was sufficient indication of that intent. See SKF, 391 F. Supp. 2d at 1332-33; see also Hr'g Tr. 53:10-18; 57:11-22; 73:2-13 (Testimony of [SKF Employee A]); Hr'g Tr. 153:23-154:16 (Test. of [SKF Employee B]); Hr'g Tr. 210:4, 213:2-5; 218:9-14 (Test. of [SKF Employee C]). The court is satisfied that SKF offered to provide supporting documentation to the Commerce verifiers. If the Department disagrees with that determination it must appeal it or seek a rehearing. It may not reargue it without the court's permission.

## V
## Conclusion

For the reasons stated above, Defendant's Remand Redetermination is hereby affirmed in part and stricken in part. Paragraph 1 at page 5 through paragraph 1 at page 9, and paragraph 1 at page 12 through paragraph 2 at page 17, of Defendant's Remand Redetermination are hereby stricken on the grounds that those portions misconstrue, misstate and/or mischaracterize the court's findings.

__/s/ Evan J. Wallach_____
Evan J. Wallach, Judge

Date: September 1, 2006
New York, New York

16